Jack SILVER, Appellant,

v.

**Walter DUNBAR, Raymond K. Procunier, Appellees.**

No. 22906.

United States Court of Appeals Ninth Circuit.

Jan. 31, 1969.

Certiorari Denied May 19, 1969.
See 89 S.Ct. 1760.

---

Jack Silver, pro se.

Thomas C. Lynch, Atty. Gen., Wm. E. James, Asst. Atty. Gen., Stanton Price, Deputy Atty. Gen., Los Angeles, Cal., for appellees.

Before BARNES and HAMLEY, Circuit Judges, and McNICHOLS, District Judge.

McNICHOLS, District Judge:

This appeal is from an order denying appellant's petition for a writ of habeas corpus. Appellant, a California state prisoner, prosecutes this appeal in propria persona. The appellees are, respectively, the Director of Corrections of the State of California, and the Superintendent of Deuel Vocational Institute, a California State penal institution, who are alleged to be holding the appellant in custody at said institution. Jurisdiction in the District Court was under 28 U.S.C. § 2241, and appellate jurisdiction is conferred by 28 'U.S.C. § 2253.

The appellant was indicted, apparently in about 1958, for attempted murder in violation of Sections 187 and 664 of the California Penal Code and for illegal possession of narcotics in violation of Section 11500 of the California Health and Safety Code. The two charges were joined for trial before a jury, which resulted in a verdict of guilty as to the narcotics violation; the jury was unable to reach a verdict with respect to the attempted murder charge. Imposition of sentence on the narcotics conviction was suspended, and the appellant was placed on probation. He appealed and the judgment of conviction was affirmed in People v. Silver, 176 Cal.App. 2d 377, 1 Cal.Rptr. 179 (1959).

A retrial in 1959 as to the attempted murder charge resulted in the appellant being found guilty. The probation granted on the narcotics conviction was revoked and appellant was sentenced to the state prison with two separate sentences to run concurrently. The appellant again appealed with the result that the judgment was affirmed because of appellant's failure to properly prosecute the appeal.

In 1962, while appellant was serving the said sentences, he was charged with escape from a prison camp in violation of Section 4531 of the California Penal Code. After a plea of guilty he was sentenced to the state prison with the escape sentence to run consecutively with those previously imposed.

Appellant's petition for certiorari to the United States Supreme Court was denied, Silver v. California, 382 U.S. 856, 86 S.Ct. 108, 15 L.Ed.2d 93 (1965), and his various petitions for writs of habeas corpus to the California courts have likewise been denied.

Appellant filed the instant application for writ of habeas corpus with the United States District Court for the Southern District of California June 28, 1967. The petition was denied without hearing on January 3, 1968.

Appellant raised a multitude of questions as to the constitutionality of his detention on each of the three separate convictions and sentences. The District Court initially pointed out that the petitioner had no right to a writ of habeas corpus unless he was entitled to an immediate release, relying on the teaching of McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. Subsequently (May 20, 1968) the United States Supreme Court in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d

426, overruled *McNally* and held that a prisoner serving consecutive sentences is to be considered in custody under any one of them so far as a right to test the constitutionality of the custody under the provisions of 28 U.S.C. § 2241 is concerned. Had the District Court relied on the *McNally* rule in his denial of appellant's petition, we would have no alternative but to reverse. However, the very experienced trial judge, after making reference to the limitations as to the writ of habeas corpus posed by *McNally*, proceeded to examine and find on each of the grounds raised by the petition. Accordingly the fact that *McNally* was overruled after the trial court's order here appealed from is not controlling.

The District Judge had before him the full transcript of the proceedings of each of appellant's two trials, and of the arraignment and sentence proceedings on the escape charge. He also had copies of prior state habeas corpus petitions filed by the appellant in the state courts. The court was well aware of the extent and nature of his obligation toward the appellant. In his memorandum decision he prefaced his discussion of the issues raised by the petition in the following very appropriate language:

"In Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) the United States Supreme Court shed some light on the problem of when a federal district court is required to hold a hearing in a habeas corpus proceeding initiated by a state prisoner. There, the court stated at page 313,

"'We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.'

"The test in *Townsend* is used to indicate the situations in which the holding of an evidentiary hearing is mandatory. 'In all other cases where the material facts are in dispute, the holding of such a hearing is discretionary with the District Judge.' Id. at 318 [83 S.Ct. at 745]. Thus the federal district courts are faced with the delicate task of avoiding hearings in cases where the claims are frivolous, attempting to locate the few claims of merit in the flood of habeas corpus petitions, and maintaining the balance of federalism by giving appropriate deference to the integrity of the state courts." (Tr. Vol. I, page 144)

Thereupon, and with the skill of a surgeon, the learned trial judge proceeded to dissect, examine and discard as without merit each of the twenty-six purported grounds offered in support of the petition for a writ of habeas corpus. The thorough and scholarly memorandum decision, running to twenty-one legal sized typed pages, is a model of clarity and of the application of legal principles. The court held that no hearing was required and that none of the alleged grounds for relief by way of habeas corpus was sufficient to support the petition.

Each separate ground presented by the petition was considered by the trial court and the reason for its lack of substance specifically delineated. The court found that the various allegations failed for one or more of the following reasons:

1. That the particular allegation was clearly refuted by the record.

2. That the contention made was contrary to the clearly established and controlling legal precedents.

3. That the subject matter involved the admission of evidence in a

state court trial to which no objection had been taken and where a waiver was clearly demonstrated in the record.

4. That the question raised dealt only with state court procedural questions and was not of constitutional proportions.

5. That the allegations were totally devoid of underlying facts and were wholly conclusionary in nature. In addition, the record belied the contention.

We have in turn examined the records of the two trials and of the arraignment and sentencing procedures in the escape charge. We have compared the same with the findings of the trial court. That the lower court was correct in each specific finding and ruling is abundantly clear.

In appellant's opening brief, he sets out, under the heading "QUESTIONS PRESENTED", the following four subheadings:

"A. Whether the District Court complied with statutory requirements in determining issues of fact without ordering production of appellant for hearing of evidence and argument.

"B. Whether the Court abused its discretion in denying appellant's motion to amend and supplement the application for the writ of habeas corpus.

"C. Whether the Court decided the issues presented in accordance with the requirements of law and justice.

"D. Whether the Court abused its discretion in denying the writ and dismissing the action."

We answer these questions seriatim:

1. *As to Question "A":* We find that the lower court fully complied with the statutory (and case law) requirements in determining the issues without ordering production of the appellant for hearing.

2. *As to Question "B":* As found by the trial court the so-called "Motion to Amend and Supplement the Application for Writ of Habeas Corpus" was presented to the court in the form of a motion to amend the original petition by incorporating therein proposed findings of fact, conclusions of law and proposed opinion all prepared and submitted by the petitioner. The trial court denied this motion. We know of no precedent for such a motion and we find *no abuse of discretion in the court's* denial of the same. Certainly no prejudice to the appellant thereby is shown as no new issues were presented by the proposed motion.

3. *As to Question "C":* We hold that the lower court decided the issues presented in full accordance with the law and justice.

4. *As to Question "D":* We are satisfied that the court did not abuse its discretion in denying the writ and dismissing the action.

The record fully supports the order of the District Court denying a writ of habeas corpus and dismissing the petition without hearing.

The order appealed from is affirmed.